UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-01613-CAS(JCGx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | DAVID ATKINS V. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ET AL. | | |

| Present: The Honorable | Christina A. Snyder | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Not Present | Not Present | |

**Proceedings:** (In Chambers:) ORDER REMANDING CASE TO VENTURA COUNTY SUPERIOR COURT

(In Chambers:) DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. #18, filed June 6, 2014)

## I.   INTRODUCTION AND BACKGROUND

Plaintiff David Atkins filed this action on March 6, 2013 in Ventura County Superior Court against defendants Prudential Insurance Company of America, Prudential Financial, Inc., Pruco Life Insurance Company, (collectively the "Prudential defendants,") and four individual defendants. Dkt. 1. The operative second amended complaint asserts the following claims: (1) malicious prosecution, (2) fraud and intentional deceit, (3) constructive fraud, (4) breach of contract, (5) breach of implied duty of good faith and fair dealing, (6) intentional interference with prospective economic advantage, and (7) unfair business practices. Dkt. 7, Ex. 21.

On June 3, 2013, the Prudential defendants removed this action to this court, before the Honorable John F. Walter, on the basis of diversity jurisdiction and fraudulent joinder of sham non-diverse individual defendants. See Dkt. 7, Ex. 5.[1] On June 13, 2013, the court remanded the action, concluding that defendants had "not met their heavy burden of demonstrating, under the settled laws of California, that the Individual Defendants were fraudulently joined," and that, as a result, diversity was incomplete and

---

[1] When this action was previously removed, its docket number was 2:13-cv-03956-JFW-MRWx.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 2:14-cv-01613-CAS(JCGx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | DAVID ATKINS V. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ET AL. | | |

the Court lacked subject matter jurisdiction.  Id.  Defendants state that, on remand, the Superior Court subsequently dismissed all of plaintiff's claims alleged against each of the original individual defendants."  Not. of Removal, dkt. 1.

The Prudential defendants filed a second notice of removal in this court on March 4, 2014, contending that this court has original jurisdiction over this action based on diversity of citizenship.  Dkt. 1.  Defendants aver that the Superior Court's February 27, 2014 order dismissing the non-diverse individual defendants created complete diversity between the parties.[2]  Id.  Defendants further contend that, as a result, removal of this action to federal court is appropriate and timely pursuant to 28 U.S.C. § 1446(b)(3).  Id.  Specifically, defendants contend that the Superior Court's order constitutes an "order or other paper" under section 1446(b)(3), which permits a notice of removal to be filed in a case that is not initially removable, at the point in which it can "first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); dkt. 1.  On June 27, 2014, the Court issued an order to show cause why this action should not be remanded to Ventura County Superior Court for lack of subject matter jurisdiction.  Dkt. #29.  Defendants filed a response on July 9, 2014.  Dkt. #30.  After considering defendants' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court.  28 U.S.C. § 1441(a).  Courts recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper.  See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is

---

[2] According to defendants, plaintiff is a citizen of California, defendants PFI and PICA are New Jersey corporations with their principal places of business in Newark, New Jersey, and defendant Pruco is an Arizona corporation with its principal place of business in Newark, New Jersey.  Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:14-cv-01613-CAS(JCGx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | DAVID ATKINS V. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ET AL. | | |

between parties of diverse citizenship. It is well established that diversity of citizenship, as grounds for removal jurisdiction, must exist both when an action is filed in state court and when the defendant petitions for removal of the action to federal court. Strasser v. KLM Royal Dutch Airlines, 631 F. Supp. 1254, 1256 (C.D. Cal. 1986).

An exception to this rule exists where an action, not initially removable, may become removable when a plaintiff voluntarily dismisses all diversity-defeating defendants from a state court action. Self v. General Motors Corp., 588 F.2d 655, 659 (9th Cir. 1978). However, where the dismissal of a diversity-defeating defendant is done involuntarily, such as a dismissal on the merits over the plaintiff's opposition, that action does not become removable. Id. at 659; see also Avila v. Allegro Mfg., 2011 WL 6010044, at *6 (C.D. Cal. Nov. 28, 2011). Thus, "where a state court dismisses a non-diverse defendant without the plaintiff's assent, the complaint is not removable on diversity grounds." Beck v. Starbucks Corp., 2008 WL 4298575, at *3 (N.D. Cal. Sept. 19, 2008) (citing Self, 588 F.2d at 658) (internal citations omitted); see also Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3723 (4th ed.) (distinguishing between situations in which a state judge terminated the action as to the non-diverse party and situations in which the plaintiff voluntarily terminated the action as to a non-diverse party).

## III.   DISCUSSION

As stated above, defendants argue that the requirement of complete diversity is met as a result of the Superior Court's February 27, 2014 order ("the Order"), which dismissed all remaining non-diverse defendants. Dkt. 1.

This argument is foreclosed by the principle that an action is not removable to federal court on diversity grounds where complete diversity is only achieved after the "involuntary" dismissal in state court of diversity-defeating defendants. See Self, 588 F.2d at 657 (finding that an action not initially removable must "remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable"); Beck, 2008 WL 4298575, at *3 (concluding that an action should be remanded where diversity was not achieved by a voluntary act on the part of the plaintiff). Here, the Superior Court order dismissing non-diverse defendants in response to defendants' demurrer constitutes an involuntary dismissal. As a result, the action is not removable on diversity grounds. See, e.g., Self, 588 F.2d at 657.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01613-CAS(JCGx) | Date | July 10, 2014 |
| Title | DAVID ATKINS V. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ET AL. | | |

In their response to the Order to Show Cause, defendants maintain that their initial removal in 2013 was proper, but this issue has already been litigated and decided by Judge Walter, who found that removal was improper because defendants "ha[d] not met their heavy burden of demonstrating, under the settled laws of California, that . . . Defendants were fraudulently joined."  Dkt. 7, Ex. 5 at 3.  Thus, removal was improper because defendants had not met their burden of demonstrating that diversity jurisdiction existed at the time of removal.  See, e.g., Petrop v. Lassen Art Publ'ns, Inc., 939 F. Sup. 742, 744 (D. Haw. 1995) ("[D]iversity must exist at the time . . . the petition for removal is filed.").

## IV.   CONCLUSION

In accordance with the foregoing, this action is hereby REMANDED to Ventura County Superior Court.  Defendants' motion for judgment on the pleadings is therefore DENIED without prejudice as moot.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |